CASE 10—PETITION EQUITY—MARCH 6.

# Howard, &c., v. Tenney, &c.

APPEAL FROM MONTGOMERY COURT OF COMMON PLEAS.

1. HUSBAND AND WIFE — FRAUDULENT CONVEYANCE.—A married woman having purchased, with her own means, the land of the husband at a sheriff's sale for taxes, the fact that the purchase money was paid in small amounts, which were handed to the sheriff by the husband, and that the husband drew up the deed for the sheriff to sign, do not evince fraud, as the payments were doubtless made out of the wife's little income in such sums as she could spare from time to time, while the husband handed the money to the sheriff merely as her agent; and the husband being a lawyer and competent to draw up the deed in proper form, it was his duty to his wife to do so.

2. SAME.—The rents of a married woman's real estate are not liable for any debt of her husband, and may, with her husband's consent, be invested by her in real estate, which will also be exempt from the husband's debts.

3. SAME—EVIDENCE.—In an action by creditors of the husband to set aside a conveyance to the wife as fraudulent, the husband is a competent witness for the wife, the case falling within the exception contained in section 606 of the Civil Code, which provides that in "actions which might have been brought by or against the wife, if she had been unmarried, either the husband or wife, but not both, may testify."

CORNELISON & McKEE FOR APPELLANTS.

A purchaser at tax sale who takes no certificate of purchase, and where there is no record evidence of the tax sale and purchase, takes no title superior to that of a creditor whose execution is levied before any certificate is issued, and before all the money for the tax purchase is paid.

H. L. STONE FOR APPELLEES.

There is no evidence of fraud in the tax sale and purchase by appellee, and having paid out of her own means the amount bid at tax sale, she took good title, regardless of date at which the tax certificate was issued or the deed made by the sheriff.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, O. S. Tenney, prior to 1877, was the owner of a lot of ground in the city of Mt. Sterling,

Montgomery county, Kentucky. This lot of ground, in the year 1877, was levied on and sold by the sheriff of Montgomery county to satisfy the taxes due by the appellee, O. S. Tenney, for the year 1875, amounting to one hundred and sixty-one dollars. At said sale the appellee, Mrs. Tenney, wife of the appellee, O. S. Tenney, became the purchaser of the property at the price of one hundred and sixty-one dollars, the amount of the taxes due by the appellee, O. S. Tenney.

In 1881, Dean, who was the successor in the office of sheriff to the sheriff that made the said sale, made the appellee, Mrs. Tenney, a deed to said lot. At the time of said sale the appellee, O. S. Tenney, was indebted to the appellants. Upon some of these debts the appellants had already obtained judgment; upon the other debts they obtained judgment after said sale, upon which executions were issued, etc., etc.

After the sheriff made said deed to the appellee, Mrs. Tenney, the appellants instituted their action in the Montgomery Circuit Court, by which they sought to have the sheriff's sale and deed to the appellee, Mrs. Tenney, set aside, and the said lot subjected to their judgment debts.

It appears from the record that the sheriff did his duty as to advertising and selling said lot. It also appears that Mrs. Tenney purchased the lot at the sheriff's sale. The only ground relied on for setting the sale and deed aside and subjecting the lot to the payment of the appellant's debts is, that the appellee, O. S. Tenney, paid the purchase price of the lot with his own money, and that he caused the purchase to be made in the name of Mrs. Tenney, and the deed to be

made to her, for the fraudulent purpose of cheating, hindering and delaying his creditors. These allegations were denied. If it is a fact that the appellee, O. S. Tenney, paid, with his own money, the purchase price of the lot, then the sale and deed should be set aside as a fraud upon the appellants. But the evidence fails to sustain the fact. On the contrary, the fact is established by uncontradicted evidence that Mrs. Tenney was the owner of real estate from which she received rents; which rents, under section 2, article 2, chapter 52, General Statutes, were not liable for any debt or responsibility of the appellee, O. S. Tenney; which rent she, with the consent of the appellee, could control and invest in real estate and take the title of it to herself; which estate would not be liable for the appellee's debts or liabilities. It also appears that she had other sources of income, to which the appellee, O. S. Tenney, was not entitled. It also appears, by uncontradicted evidence, that Mrs. Tenney purchased the lot and paid for it with the money arising from these sources. The fact that the purchase price of the lot was paid in "dribs," and that the appellee, O. S. Tenney, handed them to the sheriff, and that he drew up the deed for the sheriff to sign, does not, under the circumstances of this case, evince fraud, for the reason—

1. That the payment in "dribs" was doubtless the result of Mrs. Tenney having economized her little income so as to enable her to pay such portions of it as she could spare, from time to time, on the purchase.

2. The appellee, O. S. Tenney, simply handed the money to the sheriff as her agent, which was in nowise improper for him to do.

3. He was a lawyer and competent to draw up the deed in proper form; and it was a duty that he owed to his wife to see that the deed was made in proper form.

It is contended that the appellee, O. S. Tenney, by reason of his wife being a party to the suit and the claimant of the lot, was not competent as a witness in her behalf. She claims the lot by virtue of a purchase of it, with her own means, at execution sale, and a conveyance by the sheriff. There is no doubt that an action, were she unmarried, could be brought by or against her in reference to this property, or upon said sale or conveyance. The question, therefore, arises, does this case fall within the exception contained in section 606 of the Civil Code, which provides, that in " actions which might have been brought by or against the wife, if she had been unmarried," either the husband or wife, but not both, may testify. Had Mrs. Tenney been sued as an unmarried woman, in reference to this property, there is no doubt that she could have testified to every fact essential to establish her title. Also, there is no doubt that she could have testified in this case to every fact essential to establish her title, to wit: That she received rents from her real estate, which she controlled and managed as her own; also, that she had in her own right other sources of income; that she purchased the property at the sheriff's sale, without collusion with her husband; that she paid for the property with her rents and other sources of income, and had the conveyance made to herself. By the provision of the Code *supra* she could waive her right to testify in reference to these matters, and have

her husband to testify in reference to them in her behalf, in which case he was competent to testify to every fact to which she would have been competent to testify had she been a witness.

The judgment of the lower court is affirmed.